Per Curiam.

In this action in habeas corpus, petitioner is contesting the validity of both the 1960 and 1962 indictments. Petitioner, while represented by counsel, pleaded guilty to the first indictment and was tried and convicted by a jury on the second. Petitioner cannot now attack the validity of the indictments by an action in habeas corpus; such attack can be made only on appeal. In State v. Wozniah, 172 Ohio St., 517, 522, this court said:
“* * * However, after a judgment of conviction for the crime sought to be charged in such indictment, such a collateral attack would no longer be effective because the judgment of conviction necessarily binds a defendant, where the court rendering it had jurisdiction of the person of the defendant and also jurisdiction of the subject matter, i. e., jurisdiction to try the defendant for the crime for which he was convicted. Such a judgment of conviction is necessarily binding as between the *480 state and the defendant and can only be set aside by a direct and not a collateral attack. Cf. Mantho v. Board of Liquor Control (1954), 162 Ohio St., 37, 120 N. E. (2d), 730.”

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.